IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00606-PSF-PAC

RAYMOND PETER MONTOYA,

    Applicant,

v.

H.A. RIOS, JR., Warden,

    Respondent.

_____

**ORDER ACCEPTING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

THIS MATTER is before the Court on the Recommendation of United States Magistrate Judge (Dkt. # 18), filed October 26, 2005, in which the Magistrate Judge recommends that this Court dismiss Petitioner's Application for a Writ of Habeas Corpus (Dkt. # 2), and the Recommendation of United States Magistrate Judge (Dkt. # 22), filed November 18, 2005, in which the Magistrate Judge recommends that this Court deny relief sought by the Petitioner through Letter to this Court (Dkt. # 21), filed November 17, 2005.  Petitioner Raymond Peter Montoya, appearing pro se, filed written objections to the Magistrate Judge's Recommendation on November 8, 2005 (Dkt. # 19).  The Court's review of the Magistrate Judge's Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b).

**I.      BACKGROUND**

Mr. Montoya, incarcerated at the Federal Prison Camp in Florence, Colorado, filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April

1, 2005, challenging a Bureau of Prisons ("BOP") regulation governing prisoner placement in a Community Corrections Center ("CCC," or "halfway house"), 28 C.F.R. § 570.21 (2005). Mr. Montoya alleges that the regulation violates the statute under which it was promulgated, violates the due process clause, and violates the prohibition against ex post facto laws. He seeks an order declaring the regulation invalid and directing the BOP to transfer him to a halfway house six months prior to the expiration of his sentence, which is currently projected (assuming a maximum sentence reduction for good time) to be June 2, 2006.

The regulation in question is promulgated under 18 U.S.C. § 3621, which authorizes the BOP to "designate any available penal or correctional facility that meets minimum standards" and considering listed factors. 18 U.S.C. § 3621(b). The BOP rule authorizes the BOP to designate inmates to community confinement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § 570.21. Mr. Montoya alleges that the regulation is not an exercise of BOP discretion under 18 U.S.C. § 3621(b), but rather a violation of the latter's language authorizing inmate transfer to CCC at any time, not only during the last six months or ten percent of a sentence.

## II.     ANALYSIS

### A.     October 26, 2005 Recommendation

The Magistrate Judge's Recommendation acknowledges a "split of authority in the federal district courts about the validity of 28 C.F.R. § 570.21." Oct. Recommendation at 6. However, the Magistrate Judge cites authority demonstrating

that a "majority of courts considering this issue have concluded that the 2005 regulation is a permissible construction of the BOP's discretionary authority under 18 U.S.C. § 3621(b)." *Id.*; *see also Hurley v. Sherrod*, No. 05-cv-01177 (D. Colo. Sept. 1, 2005) (Recommendation of United States Magistrate Judge) (finding at p. 7 that 28 C.F.R. § 570.21 is a "reasonable and permissible construction of the BOP's discretionary authority") (adopted by Order dated September 21, 2005).  The Magistrate Judge found that the regulation at issue "represents a categorical exercise of the Bureau's statutory discretion," and is thus "valid if it is a reasonable interpretation of § 3621(b) and Congress did not clearly express an intent to withhold the BOP's authority to regulate its discretion under § 3621(b) through adoption of a categorical rule." *Id.* at 9 (brackets omitted).  Further, BOP commentary in proposing the regulation indicated the Bureau's consideration of all the statutorily-specified factors as well as other pertinent considerations, *see* Proposed Rule, 69 Fed. Reg. 51,214, and the Magistrate Judge noted that there is no Congressional directive in conflict with the categorical denial of CCC placement to prisoners prior to the last ten percent of their sentences.  *See* Oct. Recommendation at 9-10.  The Magistrate Judge concluded that Mr. Montoya's application should be denied because he is barred from requesting CCC placement prior to the last ten percent of his 25-month bank fraud sentence pursuant to 28 C.F.R. § 570.21, a lawful categorical exercise of BOP discretion.

    Mr. Montoya's Objection does not challenge the Magistrate Judge's conclusions regarding his due process or ex post facto claims.  Thus, the Court has reviewed the well-reasoned recommendations of the Magistrate Judge on these issues–namely, that the BOP rule does not offend either the Due Process Clause or the Ex Post Facto

Clause–to determine if they constitute clear error, and concludes that they do not.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

Mr. Montoya does challenge the conclusion that 28 C.F.R. § 570.21 does not violate 18 U.S.C. § 3621(b).  Objection at 2.  He cites to a recent Eastern District of New York case that held the regulation in question to be an inappropriate exercise of BOP discretion under 18 U.S.C. § 3621(b), which sets out specific factors to be considered for CCC placement.  *Pimentel v. Gonzales*, 367 F. Supp. 2d 365, 374-75 (E.D.N.Y. 2005).  However, many courts have subsequently disagreed with the *Pimentel* opinion.  *See*, *e.g.*, *Charboneau v. Menifee*, 2005 WL 2385862 (S.D.N.Y. Sep 28, 2005); *Bilinsky v. Federal Bureau of Prisons*, 2005 WL 1475558 (D.N.J. Jun 22, 2005); *see also Yip v. Federal Bureau of Prisons*, 363 F. Supp. 2d 548, 552 (E.D.N.Y. 2005) (holding that BOP is authorized to create categorical rules governing transfer of inmates to halfway houses even assuming *arguendo* that statute requires individualized determinations).

Mr. Montoya also argues that the rule of lenity should apply to lead the Court to interpret 18 U.S.C. § 3621(b) as the *Pimentel* court did–namely, setting out specific factors to be considered in making CCC placement decisions and therefore limiting such decisions to the enumerated factors.  *See* Objection at 6-7.  However, the Supreme Court in *Lopez v. Davis*, 531 U.S. 230, 244 n.7 (2001) refused to apply the rule of lenity to regulations that categorically excluded prisoners from CCC placement for certain reasons, finding that the statute, § 3621(b), "cannot be read to prohibit the

Bureau from exercising its discretion categorically." The BOP regulation at issue, 28 C.F.R. § 570.21, appears to be just such an allowable exercise of discretion, and the rule of lenity therefore does not apply to change the interpretation of § 3621(b).

Finally, Mr. Montoya alleges that the BOP violated the Administrative Procedures Act, 5 U.S.C. §§ 701-06, by failing to consult Congress in making 28 C.F.R. § 570.21, which the petitioner argues represents an attempt to "revise the law." *See* Objection at 7-8. The BOP maintains, however, that the rule is consistent with the statutory language providing the BOP with authority to make CCC placement decisions; thus, no change to the statute was necessary. *See* Resp'ts Answer to Order to Show Cause at 25-26.

This Court recognizes the conflicting case law cited by Mr. Montoya concerning 28 C.F.R. § 570.21. However, the Court agrees with the Magistrate Judge, as well as with the other earlier case law from this district and the majority authority cited in the Magistrate Judge's Recommendation, that the underlying statute "confers discretion on the BOP to designate an inmate's place of imprisonment" and the regulation is "a reasonable and permissible construction of the BOP's discretionary authority to designate the place of a prisoner's imprisonment." Oct. Recommendation at 9, 11.

**B.     November 18, 2005 Recommendation**

After filing his Objections to the Magistrate Judge's October 26, 2005 Recommendation, Mr. Montoya sent a Letter to the undersigned, received November 17, 2005 (Dkt. # 21). The clerk's office filed this as a Motion for Relief, replacing the Letter (Dkt. # 22). The Magistrate Judge then issued a second Report and

Recommendations on November 18, 2005, recommending denial of Mr. Montoya's Motion for Relief.

The Motion for Relief sets out the petitioner's factual circumstances and family background, seeking the Court's "mercy" in allowing him to serve six months in a halfway house, which would give him the opportunity to spend time with his family. Mot. for Relief at 2.

As the Magistrate Judge accurately describes in the November 18 Recommendation, Mr. Montoya "essentially seeks the same relief as that sought in his Application for a Writ of Habeas Corpus." Nov. Recommendation at 1. Because the Magistrate Judge recommended denying the relief–placing the petitioner in a halfway house before the regulation permits–in light of the validity of 28 C.F.R. § 570.21, and because Mr. Montoya has already filed Objections to the Magistrate Judge's conclusions, it is unnecessary for this Court to separately evaluate this Motion for Relief. For the reasons discussed above, the Court agrees with the Magistrate Judge's conclusions and adopts both Recommendations.

### III.    CONCLUSION

After reviewing the underlying objections and the record *de novo*, and in light of the foregoing discussion, the Court concludes that the Recommendation represents a correct application of the facts and the law and is not clearly erroneous.

Accordingly, it is

ORDERED as follows:

1. The Court ACCEPTS and ADOPTS the Recommendation of United States Magistrate Judge (Dkt. # 18), filed October 26, 2005; and

2. The Court ACCEPTS and ADOPTS the Recommendation of United States Magistrate Judge (Dkt. # 22), filed November 18, 2005; and

3. The Court DENIES Petitioner's Application for a Writ of Habeas Corpus (Dkt. # 2).

The case is DISMISSED with prejudice.

DATED: November 30, 2005

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge